# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHAO DING; | ) | |
| ZONGRONG ZHANG; | ) | |
| YUNING ZHANG; | ) | |
| 70 Dundee Lane | ) | |
| Barrington, IL 60010 | ) | |
| | ) | Civil Action No **1:22-cv-155** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, in his official | ) | |
| capacity, Secretary, U.S. Department of | ) | |
| Homeland Security; | ) | |
| UR M. JADDOU, in her official capacity, | ) | |
| Director, U.S. Citizenship and Immigration | ) | |
| Services; | ) | |
| 2707 Martin Luther King Jr. Ave, SE | ) | |
| Washington, DC 20528-0485 | ) | |
| | ) | |
| MERRICK B. GARLAND, in his official | ) | |
| capacity, Attorney General, Office of Attorney | ) | |
| General, U.S. Department of Justice; | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR VIOLATION OF THE APA AND WRIT IN THE NATURE OF MANDAMUS

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern

Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030,

Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW CHAO DING, (hereinafter "DING" or collectively "Plaintiffs") ZONGRONG ZHANG, (hereinafter "ZHANG" or collectively "Plaintiffs") YUNING ZHANG, (hereinafter "YUNING" or collectively "Plaintiffs") by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' Forms I-485, Application for Adjustment of Status (collectively "Applications" or "Adjustment Filings") and I-765 Applications for Employment Authorization (collectively "Applications" or "Employment Applications") within a reasonable period of time.

2. As a result of Defendants' unreasonable delays in the adjudicating the Applications, Plaintiffs DING and ZHANG, respectively wife and husband, and their ill daughter, YUNING, continue to face extensive hardships. Specifically, Plaintiff YUNING has been unable to receive proper medical care for her illness due to the fact that Defendants have failed to renew her parents', Plaintiffs DING's and ZHANG's, employment authorizations; thereby prohibiting them from working in the U.S. Plaintiffs are unable to even drive lawfully to take YUNING to her hospital visits. They are forced to use the help of friends to carry out even basic functions as result of the lapse in their employment authorization caused by Defendants. Additionally, as Plaintiffs' employment authorization documents also include travel authorizations, Defendants' delay has prohibited Plaintiff ZHANG from traveling to tend to his businesses in China; thereby causing him losses which could reach into millions of dollars.

3. Plaintiff CHAO has invested $500,000 in a qualifying investment under the Eb5 Program. The Petition was approved by United States Citizenship and Immigration Service ("USCIS") on April 3, 2017. **[EXHIBIT A].** The Department of State has indicated that green cards are now available for all individuals that have an approved investor petition, regardless of

when they have filed. Moreover, in January of 2020, USCIS announced the implementation of a protocol wherein they would provide preference to those individuals such as the Plaintiffs due to the fact that their priority date is current, and a green card is available to them. **[EXHIBIT B].**

4. Despite the announcement of this new protocol, and the passage of over 22 months, Plaintiffs' Adjustment Filings are still inexplicably pending with USCIS. If USCIS continues to delay the adjudication of the Adjustment Filings, the number of green cards available for investors may be exhausted and Plaintiffs may be forced to wait years until they are able to receive a green card through their investment.

5. On April 15, 2021, Plaintiffs also filed a renewal request on their I-765 Applications for Employment Authorization. [See **EXHIBIT D**, I-797 Notices of Action]. Plaintiffs are eligible to receive employment authorization pursuant to 8 CFR § 274a.12(c)(9).

6. Despite the historical processing times for adjudication of Form I-765 being 3.9 months, as reported by United States Citizenship and Immigration Service, ("USCIS") Plaintiffs' Employment Applications remain unadjudicated for nearly 10 months. USCIS has taken over two times the historical processing time in Plaintiffs' cases, which is unreasonable.[1]

7. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiffs' Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

8. The Plaintiffs have a clear right to a proper adjudication of the Applications in a timely manner and this right has not been recognized by USCIS.

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

9. The delay in making a decision on Plaintiffs' Applications extends well beyond Congress's guideline of 180 days for immigration benefits to be decided under 8 U.S.C. § 1571.

10. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

11. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

12. Plaintiff CHAO DING is a citizen of China and, for the purposes of this action, is a resident of Cook County, Illinois. He is the beneficiary of an approved Form I-526, Immigrant Petition by Alien Investor with United States Citizenship and Immigration Services (hereinafter "USCIS"), thereby allowing her the right to file Form I-485, Application for Adjustment of Status. Plaintiff DING is also an applicant of a Form I-765, Application for Employment Authorization with USCIS.

13. Plaintiff ZONGRONG ZHANG is a citizen of China and, for the purposes of this action, is a resident of Cook County, Illinois. As the spouse of DING, he is a derivative beneficiary of an approved Form I-526, Immigrant Petition by Alien Investor with United States Citizenship and Immigration Services (hereinafter "USCIS"), thereby allowing him the right to file Form I-485, Application for Adjustment of Status. Plaintiff ZHANG is also an applicant of a Form I-765, Application for Employment Authorization with USCIS.

14. Plaintiff YUNING ZHANG is a citizen of China and, for the purposes of this action, is a resident of Cook County, Illinois. As the daughter of DING, she is a derivative beneficiary of an approved Form I-526, Immigrant Petition by Alien Investor with United States

4

Citizenship and Immigration Services (hereinafter "USCIS"), thereby allowing her the right to file Form I-485, Application for Adjustment of Status. Plaintiff YUNING is also an applicant of a Form I-765, Application for Employment Authorization with USCIS.

15.     Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

16.     Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

17.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

18.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

19. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

**EXHAUSTION OF REMEDIES**

20. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications. Further, Plaintiffs have initiated numerous inquiries with USCIS. After such requests and inquiries failed, Plaintiffs have notified the Defendants of their intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

21. The Plaintiffs have exhausted their administrative remedies. The Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of their Applications.

22. There are no further administrative remedies available for Plaintiffs to utilize.

**BACKGROUND AND FACTUAL ALLEGATIONS**

**A. Eb5 Program in General**

23. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA § 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program – now known simply as the "Immigrant Investor Program" – that introduced the concept of the "regional center."

Department of Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to pool investor money in a defined industry and promote economic growth in a specific geographic area.

24. The regional center model within the Immigrant Investor Program offers an immigrant investor already-defined investment opportunities, thereby reducing his or her responsibility to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can operate regional centers, which can be any economic unit, public or private, that is engaged in the promotion of economic growth, improved regional productivity, job creation, or increased domestic capital investment. As of February 17, 2020, USCIS reports that it has approved 783 regional centers throughout the United States. USCIS, Immigrant Investor Regional Centers Homepage, available at https://www.uscis.gov/working-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/eb-5-immigrant-investor-regional-centers/approved-eb-5-immigrant-investor-regional-centers (last visited February 17, 2020).

25. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

26. The statute governing the EB-5 Program provides that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception exists if the immigrant investor invests his or his capital in a new commercial enterprise that is principally doing business in, and creates jobs in, a "targeted employment area." In such case, the immigrant investor must invest a

minimum of $500,000 in capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).[2]

27.     The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

28.     A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program. Id.

29.     The job-creation requirement for EB-5 participants provides that the investment must create no fewer than ten full-time jobs in the United States for authorized workers, not including the immigrant investor, his or his spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii).

### A.  Plaintiff' Adjustment Filings

30.     On April 3, 2017, USCIS acknowledged Plaintiff DING's qualifications as a qualified investor in the EB5 program by approving her Form I-526, Immigrant Plaintiff by Alien Entrepreneur. **[EXHIBIT A].**

31.     On March 6, 2020, Plaintiffs properly filed their Form I-485, Application for Adjustment of Status and paid the required fees of $1,225 each with USCIS. **[EXHIBIT C].**

---

[2] Plaintiff's qualifying investment was made prior to the amendment of 8 C.F.R. § 204.6(f) which increased the

32. On May 14, 2021, Plaintiffs received a Request for Evidence (RFE) from USCIS on the Adjustment Filings; Plaintiffs responded fully within days of receiving the same.

33. As of this date, Plaintiffs' Applications remain pending with USCIS at the California Service Center.

34. Plaintiffs have made numerous inquiries over the past 22 months with USCIS and have repeatedly requested the adjudication of their Adjustment Filings.

35. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Applications and associated requests are still pending.

36. Plaintiffs' Applications now continue to be pending with USCIS for 22 months with no end in sight.

37. Beyond stating that Plaintiffs must wait, Defendants have refused to provide any substantial explanation which would merit the need for withholding adjudication on Plaintiffs' cases for over a 22-month period of time.

38. Plaintiffs have endured significant financial, medical, and emotional burdens as a result of the unreasonable period of time that the Adjustment Filings have been pending. Despite showing that they merit approval of the Applications, Plaintiffs have, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to immigrant investors under the Eb5 Program.

39. The delay in adjudication impacts Plaintiffs' physical and mental wellbeing, jeopardizes their ability to immigrate to the United States, risks the potential loss of their eligibility for permanent resident status due to visa retrogression and/or financial losses of their investment amount caused by COVID-19, delays the commencement of their statutorily mandated two-

minimum investment amounts for qualification.

year conditional permanent residence period under 8 U.S.C. § 1186b, and postpones the date on which they will be eligible to apply for naturalization to become U.S. citizens.

**B. Plaintiff' Employment Applications**

40. On April 15, 20121, Plaintiff DING properly filed Form I-765, Application for Employment Authorization with USCIS (Receipt# WAC-219-007-6386) with USCIS. **[EXHIBIT D-1].**

41. On April 15, 2021, Plaintiff ZHANG properly filed Form I-765, Application for Employment Authorization with USCIS (Receipt# WAC-219-007-6388) with USCIS. **[EXHIBIT D-2].**

42. On April 15, 2021, Plaintiff YUNING properly filed Form I-765, Application for Employment Authorization with USCIS (Receipt# WAC-219-007-6390) with USCIS. **[EXHIBIT D-3].**

43. Since receiving their Employment Applications, USCIS has made no requests for evidence or information from the Plaintiffs; no action is outstanding on the part of the Plaintiffs.

44. Since making their filings, Plaintiffs have made numerous inquiries with USCIS and have requested an adjudication of their Employment Applications.

45. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiffs' Employment Applications are still pending.

46. Plaintiffs' Employment Applications now continue to be pending with USCIS for nearly 10 months, which is over two times the historical processing time USCIS has reported in 2021:

3.9 months. Without judicial intervention, the Employment Applications will likely be pending beyond the expiration date of her employment authorization

47.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their Employment Applications have been unadjudicated.

48.     Plaintiffs' have lost their employment eligibility and their driver's licenses due to USCIS's unwillingness to adjudicate their Employment Applications.

49.     Plaintiffs are unable to properly care for YUNING in that they are unable to even drive her to the hospital to get treatment for her illness.

50.     Moreover, Plaintiffs have incurred significant attorney's fees and have lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiffs' Employment Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- Adjustment Filings- All Plaintiffs

51.     All prior paragraphs are re-alleged as if fully stated herein.

52.     Plaintiffs, based on the approval of an investor petition under the EB5 program, have a statutory right to apply for adjustment of their status to permanent residents by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

53.     Defendants have a duty to adjudicate Plaintiffs' Applications within a reasonable period of time under 5 U.S.C. §555(b).

54.     The delay in making a decision on Plaintiffs' Applications extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

55. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

56. Defendants have conducted the significant investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Application.

57. A period of 22 months has elapsed since the Plaintiffs paid the filing fees and filed their Applications for Adjustment of Status with USCIS.

58. USCIS has grossly mishandled the adjudication of their applications and continues to do so as of this date.

59. Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time.

60. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

61. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

62. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiffs have been denied their right to receive Permanent Residency in the United States and enjoy the benefits thereof.

## COUNT II

### VIOLATION OF THE APA- Employment Applications- All Plaintiffs

63. All prior paragraphs are re-alleged as if fully stated herein.

64. Plaintiffs have a clear right to apply for employment authorization. *See* 8 CFR § 274a.12(c)(9).

65. Defendants have a duty to adjudicate Plaintiffs' Employment Applications within a reasonable period of time under 5 U.S.C. §555(b).

66. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

67. No other adequate remedy is available to Plaintiffs.

68. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Employment Applications.

69. Plaintiffs' Employment Applications have been pending for an unreasonable period of time; specifically, they have been pending for a period of nearly 10 months, which is over two times the historical processing times reported by USCIS in 2021.

70. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

71. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

72. In addition, as a result of this delay, Plaintiffs have incurred enormous costs, economic hardships, medical hardships, and significant attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1.      That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to properly adjudicate Plaintiffs' Applications.

2. Additionally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: January 9, 2022                                    Respectfully submitted,

                                                        /s Hashim G. Jeelani
                                                        **Hashim G. Jeelani, Esq. (MI0081)**
                                                        **JEELANI LAW FIRM, PLC**
                                                        **28411 Northwestern Hwy, Suite 875**
                                                        **Southfield, MI 48034**
                                                        **hashim@jeelani-law.com**
                                                        **Phone:(248) 850-7841**
                                                        **Fax:(312) 767-9030**
                                                        ***Counsel for Plaintiffs***